IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 4:23CR00095 DPM
)
RAY THOMAS, JR. )

**UNITED STATES'S PREHEARING BRIEF**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Assistant United States Attorney Ashley Bowen, for its Prehearing Brief respectfully submits:

On December 6, 2022, Ray Thomas, Jr. was a parolee with an active search waiver on file. Police surveillance had revealed that Thomas was using a room at a motel in North Little Rock. Officers saw Thomas leave the room and open the door to his black Buick Regal. The officers approached Thomas, while wearing vests with "POLICE" written across the front and back, and announced themselves as police officers. After Thomas ignored verbal commands to exit the vehicle and continued getting into his vehicle, officers drew their service weapons and pointed them at Thomas due to the tint on the windows creating concern that Thomas might be reaching for a weapon while not visible. Thomas shut the door and accelerated his vehicle, striking two other vehicles in the process, one of which was a patrol unit. Thomas continued to press the accelerator, at which time an officer broke the front passenger window and Thomas was taken into custody. After Thomas was taken into custody, officers searched his vehicle pursuant to the search waiver, revealing two firearms, methamphetamine and various other controlled substances, and a scale.

1

Thomas moved to suppress the evidence seized from his vehicle, arguing that the search was unreasonable because the officers approached him from behind and had their weapons drawn on him before he was aware that they were police officers who were attempting to conduct a parole waiver search. A hearing on the motion to suppress is scheduled to be held before this Court on February 23, 2026. In advance of the hearing, this Court entered an order directing the parties to address two questions posed in the order at the hearing. The United States submits this Prehearing Brief in response to the questions posed in the order.

1.      **Who bears the burden of proof?**

The United States submits that it bears the burden of proof at the hearing. "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley v. California*, 573 U.S. 373, 382 (2014). "In the case of a warrantless search, the government bears the burden of establishing an exception to the warrant requirement." *United States v. Kennedy*, 427 F.3d 1136, 1140 (8th Cir. 2005) (citing *United States v. Hill,* 386 F.3d 855, 858 (8th Cir. 2004)). One recognized exception is a probation/parole search. *See United States v. Knights*, 534 U.S. 112, 121–22 (2001). Because the search here was performed without a warrant, the United States bears the burden of showing that the search was reasonable through the application of an exception to the warrant requirement. Additionally, the waiver at issue here requires that the search be conducted in a reasonable manner. Accordingly, the United States bears the burden of demonstrating that the search of the vehicle was performed in a reasonable manner.

2.      **If the officers did not act reasonably, does the exclusionary rule apply?**

The United States maintains its position that the officers acted reasonably here and that their actions were prompted by Thomas's refusal to obey their lawful commands. However, assuming solely for the purpose of addressing this question that they did not act reasonably, the

United States submits that the answer to this question is no. Thomas alleges in his motion that the officers' actions in approaching him from behind with their weapons drawn was unreasonable. He does not allege in his motion that the performance of the search itself was unreasonable. Precedent from the Supreme Court of the United States holds that the exclusionary rule only applies to alleged Fourth Amendment violations by police if there is a nexus between the alleged violations and the discovery of the evidence. In *Nix v. Williams*, 467 U.S. 431, 443 (1984), the Court stated that "the interest of society in deterring unlawful police conduct and the public interest in having juries receive all probative evidence of a crime are properly balanced by putting the police in the same, not a worse, position that they would have been in if no police error or misconduct had occurred." Shortly thereafter, in *Segura v. United States*, 468 U.S. 796, 815 (1984), the Court stated that its cases "make clear that evidence will not be excluded as 'fruit' unless the illegality is at least the 'but for' cause of the discovery of the evidence." "Suppression is not justified unless 'the challenged evidence is in some sense the product of illegal governmental activity.'" *Id.* (quoting *United States v. Crews*, 445 U.S. 463, 471 (1980)).

Thus, in determining whether an alleged Fourth Amendment violation warrants application of the exclusionary rule, a court examines whether the violation was a "but for" cause of the discovery of the evidence. Application of this precedent to the instant case shows that application of the exclusionary rule is not warranted, even if the actions of which Thomas complains are determined to have been unreasonable. The actions Thomas claims constitute a violation occurred prior to the search and implicate the manner in which the police approached him and secured him so they could conduct the search. In *Hudson v. Michigan*, 547 U.S. 586, 592 (2006), the Supreme Court held that an illegal manner of entry to execute a search warrant was not a but-for cause of obtaining the evidence because whether the illegal entry had occurred or not, "the police would

have executed the warrant they had obtained, and would have discovered the guns and drugs inside the house."[1] Likewise, in the instant case, if police had not undertaken the acts Thomas alleges constitute a violation, they still would have performed the parole search and would have found the evidence.[2]

The cases this Court cites in its order support the conclusion that exclusion would not be appropriate here. Thomas alleges that the officers acted unreasonably in drawing their weapons. In *United States v. Watson*, 558 F.3d 702 (7th Cir. 2009), a defendant sought suppression of evidence seized during a consent search of a vehicle because the officers had approached with their guns drawn, frightening him. The Seventh Circuit rejected this claim, holding that there was "no causal connection between the manner in which the police approached the defendant in this case and the search of the car that disclosed the weapons used in evidence against him" because "[h]ad they said or done nothing to him, drawn and pointed no guns, but merely asked the driver for consent to search the car, the evidence would have been discovered." *Watson*, 558 F.3d at 704. The Court also observed that the proper remedy for the defendant's complaint was through a civil action, not suppression of evidence. *Id.* at 705. In *United States v. Ankeny*, 502 F.3d 829 (9th Cir. 2007), which was decided two years before *Watson*, the Ninth Circuit considered a claim that the use of a flash bang, a battering ram, and rubber bullets by police in executing a search warrant should result in suppression of evidence seized during the ensuing search. The Court rejected the argument, holding that suppression was not appropriate because "[t]he alleged Fourth Amendment

---

[1] In *Hudson*, the Court also clarified that, while but-for causation is necessary for suppression of evidence, it is not sufficient, standing alone, to warrant suppression. *Hudson*, 547 U.S. at 591–92. Consideration of this issue is not necessary in this case, as it is clear there is no causal connection between the alleged violation and discovery of the evidence.

[2] As the United States noted in its response to the motion to suppress, Thomas was required to submit to the search. *See McFerrin v. State*, 344 Ark. 671, 679, 42 S.W.3d 529, 534–35.

violation and the discovery of the evidence lack[ed] the causal nexus that is required to invoke the exclusionary rule." *Ankeny*, 502 F.3d at 837. In so holding, the Ninth Circuit relied on the Supreme Court's holding in *Hudson*, observing that even if police had not used any of the methods challenged by the defendant, they would have executed the warrant and found the evidence.

In *United States v. Edwards*, 666 F.3d 877, 885, 886 (2011), the Fourth Circuit held that a search in which officers looked inside the defendant's underwear, observed a sandwich baggie tied around his penis, and then cut the baggie off with a knife was not reasonable and that application of the exclusionary rule was appropriate. However, this case is readily distinguishable from the instant case. One, the actions complained about in *Edwards* occurred during the search itself, not prior to the search as is the case here, and in *Hudson*, *Watson*, and *Ankeny*. Two, the *Edwards* court expressly declined to apply the "but-for" causation analysis because the government did not make that argument below or on appeal. Here, the United States argues that suppression of the evidence seized during the search is not proper, even if the officers' actions were unreasonable, because those actions were not a but-for cause of the discovery of the evidence.

**WHEREFORE**, the United States respectfully submits the foregoing and respectfully requests that Thomas's motion be denied.

Respectfully Submitted,

JONATHAN D. ROSS
United States Attorney

By: Ashley Bowen
AR Bar No. 2009253
Assistant United States Attorney
425 West Capitol Ave., Suite 500
Little Rock, Arkansas 72201
(501) 340-2600
Ashley.Bowen@usdoj.gov