UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:23-cr-00095 DPM |
| | ) | |
| RAY THOMAS | ) | |

**MOTION TO ADMIT RULE 404(b) EVIDENCE**

The United States of America, by and through Jonathan Ross, United States Attorney for the Eastern District of Arkansas, and Ashley Bowen, Assistant United States Attorney, hereby gives formal notice of its intent to present evidence under Federal Rule of Evidence 404(b).

The United States anticipates there will be a superseding indictment in this case.[1] The Indictment charges the defendant with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); two counts of distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A); and possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1).

The evidence at trial will show that members of the Drug Enforcement Agency (DEA) and the North Little Rock Police Department (NLRPD) conducted a narcotics investigation of the defendant based on information that he was the source of supply for co-defendant Joseph Lemoine.

---

[1] The anticipated Superseding Indictment will not affect the substance of the charges in the instant case.

On August 31, 2022, agents with the DEA, in conjunction with members of the NLRPD Narcotics Unit, utilized a Confidential Source (CS) to conduct a controlled purchase of half a pound of methamphetamine from Lemoine at the Super 8 Motel in North Little Rock, Arkansas. During the controlled purchase, agents observed Lemoine enter the CS's vehicle and overheard Lemoine make multiple phone calls to his source of supply, later determined to be Thomas. Agents overheard Lemoine and Thomas discussing meeting at the Thrifty Liquor Store, located across the street from the Super 8. Lemoine advised the CS that Thomas would be driving a black Buick Regal. Subsequently, Special Agent (SA) Josh Laster observed a 2012 black Buick Regal pull across from the Super 8 into the Thrifty Liquor Store. The license plate returned to Ray Thomas at 202 Hilda Street, Jacksonville, Arkansas.

SA Laster observed the CS and Lemoine drive across the street to meet with Thomas. Once in the parking lot, Lemoine was observed exiting the CS's vehicle and entering Thomas's vehicle. Lemoine then exited Thomas's vehicle with a box and entered the CS's vehicle. Lemoine handed the box to the CS, and the CS opened the box and confirmed the methamphetamine was inside. The CS then handed Lemoine the NLRPD buy funds, and Lemoine was observed counting the money. Once Lemoine counted the funds, he exited the CS's vehicle and entered Thomas's vehicle. SA Laster observed Thomas and Lemoine drive across the street to the Shell Station parking lot. Lemoine was then observed exiting Thomas's vehicle and walking back towards the hotel.

After meeting at a predetermined location, the CS handed SA Kolton Lane a T-Mobile phone box containing approximately 204.7 gross grams of methamphetamine. The CS was shown a photograph of Thomas and confirmed him to be Lemoine's source of supply.

On September 12, 2022, agents with the DEA, in conjunction with the NLRPD Narcotics Unit, utilized a CS to conduct a second controlled purchase of half a pound of methamphetamine from Lemoine and Thomas at the same Super 8 Motel in North Little Rock, Arkansas. The surveillance team observed Thomas's vehicle, previously identified as a black Buick Regal, pull into the parking lot of the Super 8. Lemoine was observed exiting a room at the Super 8 and entering the passenger's seat of Thomas's vehicle. Lemoine was then observed exiting Thomas's vehicle with a white plastic bag and walking to the CS vehicle.

Lemoine entered the CS vehicle and was observed handing the CS the white bag he was previously observed to be holding. The CS gave Lemoine the NLRPD buy funds. Lemoine then exited the CS vehicle and was observed walking back to Thomas's vehicle and entering the passenger's side. Lemoine then exited the vehicle, and Thomas left the Super 8 parking lot. Once at a predetermined location, the CS handed Taskforce Officer (TFO) Jared Maynard the white plastic bag, which contained 200.3 gross grams of methamphetamine.

On December 6, 2022, the NLRPD Narcotics Unit conducted surveillance and determined Thomas to be utilizing Room 151 of the Motel 6 in North Little Rock, Arkansas. Thomas was a parolee with an active search waiver on file. NLRPD officers observed Thomas leave Room 151 and enter his black Buick Regal. Officers approached Thomas as he was entering the vehicle and announced themselves as police officers. At the time, they were wearing department-issued vests with "Police" written clearly on the front and back. Investigators Tyler Barber and Michael Stanley gave commands for Thomas to exit the vehicle, but Thomas failed to comply. Fearing that Thomas was reaching for a weapon and due to the dark tint on the Buick, Inv. Stanley drew his service weapon and pointed it at Thomas while he and Inv. Barber gave commands for Thomas to show his hands. Thomas then shut the door of the Buick and accelerated, hitting both the vehicle in front

of him and a marked patrol unit stationed on the front passenger side of the Buick to prevent Thomas from fleeing. Thomas continued to attempt to flee by pushing on the accelerator, at which point Officer James Bryant broke the front passenger window of the Buick and was able to take Thomas into custody.

Following his arrest, officers conducted a search of Thomas's Buick Regal, which revealed a Ruger, model LCP, .380 caliber pistol, bearing serial number 372149875, under the center console of the vehicle, a Taurus, model G2C, 9mm caliber pistol, bearing serial number ACC6T9O2I, in the backseat, and a plastic bag containing multiple baggies of methamphetamine, cocaine, marijuana, various pills, and a scale located in the backseat.

Pursuant to Federal Rule of Evidence 404(b), the United States intends to introduce evidence of the defendant's prior convictions for: (1) simultaneous possession of drugs and firearms, possession of cocaine with purpose to deliver, possession of methamphetamine with purpose to deliver, possession of a firearm by certain persons, possession of drug paraphernalia, possession of hydrocodone/acetaminophen with purpose to deliver, possession of methamphetamine with purpose to deliver, possession of hydromorphone with purpose to deliver, maintaining a drug premises, possession of alprazolam with purpose to deliver, possession of diazepam with purpose to deliver, and possession of drug paraphernalia in Pulaski County, Arkansas, Circuit Court in Case Number 60CR-14-1418; and (2) possession of cocaine with purpose to deliver and possession of drug paraphernalia in Pulaski County, Arkansas in Case Number 60CR-11-3838. Federal Rule of Evidence 404(b) provides, in pertinent part:

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

4

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

To be admissible under Rule 404(b), a prior act "must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Williams*, 534 F.3d 980, 984 (8th Cir. 2008). "The rule is one of inclusion, 'such that evidence offered for permissible purposes is presumed admissible absent a contrary determination.'" *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) (quoting in part *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006)).

As to the first factor, the defendant's possession of firearms and controlled substances and other narcotics distribution activity is relevant to prove a material issue—knowledge and intent to distribute a controlled substance and possess a firearm. "Rule 404(b) evidence is admissible when the defendant 'places his state of mind in issue' by a 'general denial defense,' as [the defendant] did here." *United States v. Lindsey*, 702 F.3d 1092, 1099 (8th Cir. 2013); *United States v. Felix*, 867 F.2d 1068, 1072 (8th Cir. 1989) (recognizing that over the last thirty years, the Eighth Circuit has "repeatedly held that evidence of similar prior drug activity is admissible in drug prosecution cases because a defendant's complicity in other similar transactions service to establish intent or motive to commit the crime.") (citing cases); *see also United States v. Wiggins*, 747 F.3d 959, 963 (8th Cir. 2014). Additionally, the Eighth Circuit has recognized that "[f]irearms are known 'tools of the trade' of narcotics dealing because of the danger inherent in that line of work." *United States v. Fuller*, 887 F.2d 144, 147 (8th Cir. 1989) (admitting drug paraphernalia evidence under Rule 404(b) to show defendant's motive "given the close and well-known connection between firearms and drugs") (citing cases).

Moreover, knowing possession is an element of Section 922(g)(1) offenses, and Thomas's not guilty plea calls this element into question. *See United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011); *United States v. Oaks*, 606 F.3d 530, 539 (8th Cir. 2010). "Evidence that [Thomas] possessed a firearm on a previous occasion is [thus] relevant to show knowledge and intent." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006).

As to Thomas's prior drug convictions, the Eighth Circuit has "frequently upheld the admission of prior drug convictions for the purpose of proving intent and knowledge where the defendant denied the charged drug offense." *United States v. Cole*, 537 F.3d 923, 928 (8th Cir. 2008) (upholding the admission of prior drug convictions that occurred within three to seven years prior to the charged conduct to show intent and knowledge in prosecution for drug offenses) (citing *United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006) (upholding admission of eleven-year-old prior conviction for possession with intent to distribute marijuana under 404(b) to show knowledge and intent in prosecution for possession with intent to distribute marijuana). *See also United States v. Carlson*, 613 F.3d 813, 820 (8th Cir. 2010) (upholding admission of prior conviction for possessing methamphetamine in prosecution for conspiracy to distribute and possessing with intent to distribute methamphetamine); *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (holding that eleven-year-old conviction for conspiracy to distribute 1000 kilograms of marijuana was not too remote in time in trial charging conspiracy to distribute 1000 kilograms or more of marijuana); *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008) (holding that prior possession with intent to deliver cocaine base, cocaine, and marijuana convictions that were four, ten and eleven years old are not so remote as to be inadmissible) (citing *United States v. Ironi,* 525 F.3d 683, 688 (8th Cir. 2008) (finding that prior cocaine possession convictions that were eight and ten years old were not too remote and admissible in aiding and

abetting possession with intent to distribute cocaine trial); *United States v. Green,* 151 F.3d 1111, 1114 (8th Cir. 1998) (listing cases in which convictions that were twelve, thirteen and seventeen years old were admissible)); *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002) ("We have held on numerous occasions that a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs."); *United States v. Hawkins*, 548 F.3d 1143, 1147 (8th Cir. 2008) (noting that "'[a] prior offense need not involve the same illegal drug as the charged offense' in order to be relevant and similar") (quoting *United States v. Cook,* 454 F.3d 938, 941 (8th Cir. 2006)); *United States v. Mendoza*, 341 F.3d 687, 692 (8th Cir. 2003) ("Evidence of a prior conviction for possession of methamphetamine is probative of a defendant's knowledge and intent concerning current charges of conspiracy to distribute that same drug, especially where the defendant claims he lacked knowledge or intent to distribute the drug."). The proposed evidence of Thomas's prior convictions is relevant to rebut the general denial defense.

Similarly, "[a] defendant denies both knowledge and intent when he asserts the 'mere presence' defense—that he was present, but did not know of the presence of illegal [activity]." *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005) (admitting 1987 convictions for robbery and being a felon in possession of a firearm into evidence pursuant to Fed. R. Evid. 404(b) (quoting *United States v. Tomberlin,* 130 F.3d 1318, 1320 (8th Cir. 1997)) (citing *United States v. Hawthorne,* 235 F.3d 400, 404 (8th Cir.2000) (holding defendant's mere presence defense put his knowledge and intent at issue)). *See also United States v. Harris,* 324 F.3d 602 (8th Cir.), *cert. denied,* 540 U.S. 884, 124 S.Ct. 209, 157 L.Ed.2d 152 (2003) (affirming district court's admission

under Rule 404(b) of "testimony by a visitor to [defendant's] home that she saw him possess a firearm prior to his arrest").

As to the second factor, remoteness is reviewed for reasonableness based on "the facts and circumstances of each case." *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001) (internal quotation omitted). "Where the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by an enormous lapse of time." *See United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010) (internal citations and quotations omitted). Admission of acts as old as twenty years is permitted if a defendant spends a significant portion of the interim incarcerated. *See*, *e.g.*, *Halk*, 634 F.3d at 487-88 (nineteen-year-old conviction where incarcerated for twelve years); *Walker*, 470 F.3d at 1274 (eighteen-year-old conviction where incarcerated for ten years); *United States v. Williams*, 308 F.3d 833, 836-37 (8th Cir. 2002) (twenty-year-old conviction when in incarcerated for sixteen); *Trogdon*, 575 F.3d at 766 (holding that eleven-year-old conviction was not too remote in time).

In the instant case, Thomas was convicted of simultaneous possession of drugs and firearms, possession of cocaine with purpose to deliver, possession of methamphetamine with purpose to deliver, possession of firearms by certain persons, possession of drug paraphernalia, possession of hydrocodone/acetaminophen with purpose to deliver, possession of methamphetamine with purpose to deliver, possession of hydromorphone with purpose to deliver, maintaining a drug premises, possession of alprazolam with purpose to deliver, possession of diazepam with purpose to deliver, and possession of drug paraphernalia in Case Number 60CR-14-1418 on September 22, 2014, and was sentenced to 120 months in the Arkansas Department of Corrections (ADC). The date of the offense is listed in the Amended Sentencing Order as March 19, 2014. Additionally, Thomas was convicted of possession of cocaine with purpose to deliver

and possession of drug paraphernalia in Case Number 60CR-11-3838 on September 22, 2014, and was sentenced to 120 months in the ADC to run concurrently with his other cases. The date of the offense is listed in the Second Amended Sentencing Order as August 13, 2011.

The defendant was released from the ADC on parole on June 17, 2016, approximately six years before the conduct in the instant case. While on parole, the defendant absconded multiple times and was arrested and incarcerated for short periods of time, including from November 29, 2017-December 4, 2017, April 10, 2019-April 19, 2019, November 13, 2019-November 20, 2019, and February 8, 2020-May 27, 2020. Thus, the defendant's prior convictions are not overly remote in time to the conduct in the instant offense.

As to the third prong, the prior acts at issue are supported by sufficient evidence in the form of certified copies of official court records. In *United States v. Hill*, the Eighth Circuit explained that the standard for admission of the 404(b) testimony was whether the bad acts are "proven by a preponderance of the evidence." 638 F.3d 589, 592 (8th Cir. 2011). Any Rule 403 concerns about undue prejudice or confusion are adequately addressed through limiting instructions. *See Halk*, 634 F.3d at 488; *Oaks*, 606 F.3d at 539 n.2; *Strong*, 415 F.3d at 906. The Eighth Circuit has held repeatedly that any potential unfair prejudice is reduced by the court's use of a limiting instruction to the jury that they should only consider the evidence to decide issues of knowledge and intent. *See United States v. Horton*, 756 F.3d 569, 580 (8th Cir. 2014); *United States v. Banks*, 706 F.3d 901, 907 (8th Cir. 2013) ("Prior felony drug convictions are relevant to show intent and knowledge in a drug prosecution when a defendant makes a general denial defense, which necessarily places the defendant's state of mind at issue.") (quoting *Hawkins*, 548 F.3d at 1147); *Thomas*, 593 F.3d at 759. If the defendant stipulates to his status as a felon, the United States agrees that a limiting instruction would be appropriate at trial to reduce any potential unfair prejudice to the defendant.

9

In the event the defendant does not stipulate to his status as a felon, the evidence is intrinsic, and a limiting instruction is not necessary.

As of this date, the defendant has rejected all proposed stipulations in this case, including a stipulation to his status as a felon. However, should the defendant reconsider his stance, the United States will prepare the appropriate stipulations. *Cole*, 537 F.3d at 928 (finding that risk of unfair prejudice was "minimized by the stipulation, which recited only the dates of conviction and the crimes, and the district court's limiting instruction to the jury").

The United States respectfully submits that Federal Rule of Evidence 404(b) permits introduction of the referenced material.

Respectfully submitted,

JONATHAN ROSS
United States Attorney

By: ASHLEY BOWEN
Assistant U.S. Attorney
Bar No. AR 2009253
425 W. Capitol Ave., Suite 500
Little Rock, AR  72201
(501) 340-2600
Ashley.Bowen@usdoj.gov